IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KAWAUNE GREGORY PEARSON,

    Plaintiff,                          No. 2:12-cv-1751 KJN P

    vs.

DR. S. GOLUBYATNIKOV,              ORDER AND

    Defendant.                   FINDINGS AND RECOMMENDATIONS

_____/

I. Introduction

        Plaintiff is a state prisoner, proceeding without counsel and in forma pauperis, with an action filed pursuant to 42 U.S.C. § 1983. On November 2, 2012, defendant filed a motion for extension of time to file a responsive pleading, and on November 6, 2012, defendant filed a motion to dismiss. Good cause appearing, defendant's motion for extension of time is granted.

        Defendant moves to dismiss plaintiff's state law claim because plaintiff failed to timely present his tort claim under the California Government Claims Act, and to dismiss plaintiff's claim for injunctive relief, because plaintiff is a member of Perez v. Tilton, No. 3:05-cv-05241 (N.D. Cal.), and Plata v. Brown, No. 3:01-cv-01351 (N.D. Cal.) Plaintiff filed an opposition, and defendant filed a reply. As set forth more fully below, the court finds that

1

defendant's motion to dismiss should be granted in part, but denied insofar as this action will proceed on plaintiff's Eighth Amendment claim against defendant.

II. Plaintiff's Complaint

In his original complaint, plaintiff, who has hemophilia, alleges that defendant was deliberately indifferent to plaintiff's serious medical needs, and committed medical malpractice, by performing oral surgery on plaintiff without taking proper precautions, resulting in plaintiff almost bleeding to death while he waited over fifteen hours for medical treatment. (Dkt. No. 1 at 3.) Plaintiff seeks compensatory damages, and seeks injunctive relief requiring the California Department of Corrections and Rehabilitation ("CDCR") to hire doctors, dentists, and medical and dental staff who are educated and mentally stable. (Id.)

III. Motion to Dismiss

    A. Legal Standard for Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Iqbal, 129 S. Ct. at 1949.  Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim.  Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1990).

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The court has an obligation to construe such pleadings liberally.  Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).  However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled.  Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

  B.  California Tort Claims Act

Defendant contends that plaintiff failed to timely submit a tort claim.  Plaintiff contends he submitted a tort claim form, and provides copies of the documents he sent and received. (Dkt. No. 21 at 1.)  In reply, defendant argues that plaintiff's claim was not deemed presented because he did not timely submit the $25.00 filing fee or a fee waiver request, and plaintiff's application to represent a late claim was denied.[1]

////

---

[1] The court notes that plaintiff failed to allege any facts in his complaint indicating that he complied with the CTCA.  When considering a motion to dismiss, the court is generally limited to consideration of the allegations contained in the plaintiff's complaint and any documents attached thereto or incorporated by reference.  Haskell v. Time, Inc., 857 F. Supp. 1392, 1396 (E.D. Cal. 1994) ("Ordinarily, a motion to dismiss . . . is addressed to the four corners of the complaint without consideration of other documents or facts outside of the complaint . . . . [T]he complaint is deemed to include any documents attached to it as exhibits as well as any documents incorporated into the complaint by reference.").  However, in his opposition to defendant's motion to dismiss, plaintiff alleges that he did submit his claim to the Board, and appended copies of documents he submitted to, and received from, the Board. (Dkt. No. 21 at 2-9.)  Defendant provided certified of documents obtained from the Board. (Dkt. No. 18-1 at 3-40.)  No party asserts that any evidence pertinent to this claim has not yet been submitted.

3

1	Under the California Tort Claims Act ("CTCA"), set forth in California
2 Government Code sections 810 et seq., a plaintiff may not bring a suit for monetary damages
3 against a public employee or entity unless the plaintiff first presented the claim to the California
4 Victim Compensation and Government Claims Board ("VCGCB" or "Board"), and the Board
5 acted on the claim, or the time for doing so expired.  "The Tort Claims Act requires that any civil
6 complaint for money or damages first be presented to and rejected by the pertinent public entity."
7 Munoz v. California, 33 Cal. App. 4th 1767, 1776 (1995).  The purpose of this requirement is "to
8 provide the public entity sufficient information to enable it to adequately investigate claims and
9 to settle them, if appropriate, without the expense of litigation." City of San Jose v. Superior
10 Court, 12 Cal.3d 447, 455 (1974) (citations omitted).  Compliance with this "claim presentation
11 requirement" constitutes an element of a cause of action for damages against a public entity or
12 official.  State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1244 (2004).  Thus, in the state
13 courts, "failure to allege facts demonstrating or excusing compliance with the claim presentation
14 requirement subjects a claim against a public entity to a demurrer for failure to state a cause of
15 action." Id. at 1239 (fn. omitted).

16	Consistently, federal courts require compliance with the CTCA for pendant state
17 law claims that seek damages against state public employees or entities. Willis v. Reddin, 418
18 F.2d 702, 704 (9th Cir. 1969); Mangold v. California Public Utilities Commission, 67 F.3d 1470,
19 1477 (9th Cir. 1995).  State tort claims included in a federal action, filed pursuant to 42 U.S.C.
20 § 1983, may proceed only if the claims were first presented to the state in compliance with the
21 claim presentation requirement. United States v. California, 655 F.2d 914, 918 (9th Cir. 1980);
22 Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 627 (9th Cir. 1988); Butler v.
23 Los Angeles County, 617 F. Supp. 2d 994, 1001 (C.D. Cal. 2008).

24	To be timely, a claim must be presented to the VCGCB "not later than six months
25 after the accrual of the cause of action." Cal. Govt. Code § 911.2.  Should a claimant miss this
26 deadline, the claimant may file a written application for leave to file a late claim, within a year

after the accrual of the cause of action. Id., § 911.4. If the Board denies the application, the notice of denial must include a warning to the claimant that no court action may be brought on the claim unless the claimant first files a petition with the appropriate court requesting relief from the claim presentation requirement, and obtains a court order granting such relief. Id., § 911.8. Failure to obtain such relief bars any suit on the claim.

An individual who files a claim pursuant to the CTCA is charged with knowledge of the applicable statute of limitations. See Hunter v. Los Angeles County, 262 Cal. App. 2d 820, 822 (1968) ("once a claimant has filed his claim, he demonstrates familiarity with the statutory procedures governing his grievance, and can reasonably be charged with knowledge of the time limitations that are part of that procedure").

Here, around noon on September 12, 2011, plaintiff's tooth was extracted. (Dkt. No. 21 at 12.) Thus, plaintiff's tort claim was due, along with his filing fee or fee waiver form, on or before March 12, 2012.

However, the certified records show that on March 19, 2012, plaintiff was notified by the Board that he failed to comply with Government Code § 905.2 in that plaintiff failed to submit the required $25.00 filing fee or filing fee waiver request. (Dkt. No. 18-1 at 14.) Plaintiff was informed that for tort claims to be considered presented, the $25.00 filing fee or filing fee waiver request must be received within six months of the original incident, and that if plaintiff responded later than six months, but prior to one year from the original incident, he "must apply without delay to present a late claim." (Dkt. No. 18-1 at 14.) Plaintiff submitted an application to present a late claim, which the Board received on February 28, 2012. (Dkt. No. 18-1 at 13.) By letter dated June 13, 2012, plaintiff was informed that the Board had reviewed plaintiff's application, and would act upon the application at the Board's meeting on August 16, 2012. (Dkt. No. 18-1 at 5.) On August 24, 2012, plaintiff was informed that the Board denied plaintiff's application to present a late claim at the August 16, 2012 hearing. (Dkt. No. 18-1 at 4.) Plaintiff was warned that if he wished to file a court action on this matter, he

>must first petition the appropriate court for an order relieving [him] from the provisions of Government Code 945.4. (Claim presentation requirement). See Government Code Section 946.6. Such Petition must be filed with the court within six (6) months from the date [the] application for leave to present a late claim was denied.

(Dkt. No. 18-1 at 4.) Thus, a petition under California Government Code § 945.4 is due on or before February 16, 2013.

In his opposition, plaintiff does not allege that he filed such a petition for relief, or that he has been excused from the timely claim presentation requirement.[2] Thus, plaintiff's state law claim must be dismissed without prejudice.

### C. Plaintiff's Injunctive Relief Claim

Defendant asks the court to take judicial notice of Perez, C-05-5241, and Plata, 3:01-cv-01351, including the "Stipulation for Injunctive Relief" entered in Plata (dkt. no. 18-2 ("Stipulation"). A court may take judicial notice of court records. See e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted). Good cause appearing, defendant's request is granted.

Plata is a class action of inmates in California state prisons with serious medical needs. (Dkt. No. 18-2 at 2.) Plaintiff, a California Medical Facility inmate with serious medical needs, is necessarily a member of the Plata class. (Id. at 4.) The Stipulation requires that all members of the class receive constitutionally adequate medical care consistent with applicable

---

[2] It appears that plaintiff still has time to petition the appropriate court for an order relieving him of the timely claim presentation requirement; however, as the record stands now, plaintiff's claim was denied by the Board as untimely, and his request to file a late application was denied. Thus, plaintiff may not sue for damages on his state law claims as of this date. Cal. Govt. Code § 945.4 ("no suit for money or damages may be brought against a public entity on a case of action for which a claim is required to be presented . . . until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board. . . .")

6

1  policies and procedures in effect as of February 2002.  (Id. at 3-4.)  Any disputes as to the
2  adequacy of these policies and procedures are to be resolved pursuant to the dispute resolution
3  procedures set forth in the Stipulation.   (Id. at 14-15.)  Disputes relative to the treatment of
4  individual prisoners are to be pursued through the administrative grievance process, and then
5  through private mediation with defendants.  (Id. at 15-16.)  Those procedural requirements may
6  be suspended only for inmates "requiring urgent medical care."  (Id. at 5.)
7          Similarly, Perez is a class action of inmates in California state prisons with
8  serious dental needs, and expressly governs policies and procedures governing the "hiring of
9  necessary dental personnel."  (Dkt. No. 18-1 at 42, 45.)
10          The Ninth Circuit has held that a plaintiff who is a member of a class action for
11  equitable relief from prison conditions may not maintain a separate, individual suit for relief that
12  is also sought by the class, but may pursue equitable relief that "exceeds," "goes beyond" or is
13  "not covered" by the class action.  Crawford v. Bell, 599 F.2d 890 (9th Cir. 1979) (reversing
14  district court's dismissal of plaintiff's claims for relief that were not included in a class action
15  challenging overcrowding); accord McNeil v. Guthrie, 945 F.2d 1163, 1166 n.4 (10th Cir. 1991)
16  ("class members may bring individual actions for equitable relief when their claims are not being
17  litigated within the boundaries of the class action").
18          As noted above, plaintiff seeks injunctive relief requiring the CDCR to hire
19  doctors, dentists, and medical and dental staff who are educated and mentally stable.  Thus,
20  plaintiff seeks changes to the CDCR's medical and dental policies and procedures, as well as
21  changes in hiring requirements for prison doctors, dentists, and medical and dental staff.  Such
22  broad and systemic relief is the relief contemplated by the Plata and Perez class actions.  Thus,
23  plaintiff must raise his injunctive relief claim through class counsel rather than by bringing an
24  individual lawsuit.  Because plaintiff's broad request for injunctive relief falls squarely within
25  ////
26  ////

such class actions,[3] defendant's motion to dismiss plaintiff's claim for injunctive relief should be granted.

### D. Conclusion

For all of the above reasons, the court finds that defendant's motion to dismiss should be granted, and this action should proceed solely on plaintiff's Eighth Amendment claim for damages.

## IV. Plaintiff's Motion to Quash Subpoena

On November 20, 2012, plaintiff filed a motion to quash the defendant's subpoena of plaintiff's medical and dental records from the San Joaquin General Hospital. Plaintiff objects that his name was misspelled, and argues that the subpoena is overbroad, and should be limited to plaintiff's dental records. (Dkt. No. 20.) Defendant responded, noting he re-submitted the subpoena on November 27, 2012, with the proper spelling of plaintiff's name, and that defendant limited the subpoena by seeking only those medical and emergency room records for the month of September 2011. Defendant argues that because plaintiff failed to include the date of the alleged oral surgery, defendant was able to narrow the date of the tooth extraction to the month of September 2011, and that because plaintiff suffers from hemophilia, he may have had to visit the emergency room on more than one occasion in September 2011, to receive treatment. Defendant contends that plaintiff waived his right to privacy in these records based on the allegations in the complaint.

Rule 45 of the Federal Rules of Civil Procedure requires a court, on timely motion, to "quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii). "[B]oth courts and commentators alike have consistently taken the view that when a party places his or

////

---

[3] As noted by defendant, plaintiff failed to address this claim in his opposition. (Dkt. No. 21, *passim*.)

her physical . . . condition in issue" the right to privacy in medical records is waived. Ferrell v. Glen-Gery Brick, 678 F. Supp. 111, 112-13 (E.D. Pa. 1987).

Here, plaintiff placed his dental and medical condition in issue by filing this action, and thereby waived any privacy rights with respect to dental and medical records that concern the oral surgery performed by defendant, as well as any treatment related thereto. Defendant limited the subpoena time frame to the month in which plaintiff received oral surgery. To the extent that defendant receives medical records that exceed the scope of the issues tendered by the complaint, defendant will be directed to return such records forthwith.

V. Plaintiff's Motion to Subpoena Records

On November 29, 2012, plaintiff filed a request to subpoena defendant's background history, medical employment, job certifications, and any past lawsuits. Plaintiff did not complete the first page of the form. In addition, plaintiff included terms related to his medical malpractice claim which the court recommends be dismissed. Plaintiff is advised that a subpoena form is appropriate for obtaining specifically identified documents from a particular person or entity, usually a nonparty. Here, it appears plaintiff seeks information he could obtain from defendant through discovery. For example, plaintiff could submit interrogatories to defendant as to his past employment. Fed. R. Civ. P. 33. Or, plaintiff could submit a request for production of documents to defendant. Fed. R. Civ. P. 34.

Therefore, plaintiff's request to subpoena is denied without prejudice. Once defendant has filed an answer, and the court issues its discovery and scheduling order, plaintiff may obtain appropriate, relevant discovery directly from defendant.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's November 2, 2012 motion for extension of time (dkt. no. 16) is granted, and defendant's November 6 motion to dismiss is deemed timely filed;

2. Defendant's request for judicial notice (dkt. no. 18) is granted;

////

3.  Plaintiff's November 20, 2012 motion to quash subpoena (dkt. no. 20) is denied; defendant shall forthwith return such medical records, if any, he received which are unrelated to the claims at bar;

4.  Plaintiff's November 29, 2012 request for subpoena (dkt. no. 22) is denied without prejudice;

5.  The Clerk of the Court is directed to assign a district judge to this case; and

IT IS HEREBY RECOMMENDED that:

1.  Defendant's November 6, 2012 motion to dismiss (dkt. no. 17) be granted;

2.  Plaintiff's state law claim be dismissed without prejudice;

3.  Plaintiff's claims for injunctive relief be dismissed without prejudice; and

4.  Defendant be directed to answer plaintiff's Eighth Amendment claim within seven days from any order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  December 17, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

okee2659.mtd

10