IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KAWAUNE GREGORY PEARSON,

    Plaintiff,               No. 2: 12-cv-01751 MCE KJN P

    vs.

DR. S. GOLUBYATNIKOV,

    Defendant.             <u>ORDER</u>

_____/

        On April 26, 2013, the Court adopted the findings and recommendations filed December 18, 2012.  In doing so, the Court granted defendant's motion to dismiss, dismissed plaintiff's state law claims and claims for injunctive relief, and directed defendant to file an answer to plaintiff's Eighth Amendment claim.

        On May 2, 2013, plaintiff filed a motion for "second review" of the order dismissing his state law claims.  The court construes plaintiff's May 2, 2013 motion as a request for reconsideration of the April 26, 2013 order dismissing his state law claims.

Standards For Motions To Reconsider

        Although motions to reconsider are directed to the sound discretion of the court, <u>Frito-Lay of Puerto Rico, Inc. v. Canas</u>, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process.  Thus Local Rule 230(j) requires that a party seeking reconsideration of a district court's order must brief the "new or

1 different facts or circumstances [which] were not shown upon such prior motion, or what other
2 grounds exist for the motion."  The rule derives from the "law of the case" doctrine which
3 provides that the decisions on legal issues made in a case "should be followed unless there is
4 substantially different evidence . . . new controlling authority, or the prior decision was clearly
5 erroneous and would result in injustice."  Handi Investment Co. v. Mobil Oil Corp., 653 F.2d
6 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert.
7 denied, 475 U.S. 1064 (1986).

8           Courts construing Federal Rule of Civil Procedure 59(e), providing for the
9 alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle
10 permitting the unsuccessful party to "rehash" arguments previously presented, or to present
11 "contentions which might have been raised prior to the challenged judgment."  Costello v.
12 United States, 765 F.Supp. 1003, 1009 (C.D.Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d
13 1260, 1268 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280
14 (E.D. Pa. 1991).  These holdings "reflect[] district courts' concerns for preserving dwindling
15 resources and promoting judicial efficiency."  Costello, 765 F.Supp. at 1009.

16           Plaintiff's motion for reconsideration of the order dismissing his state law claims
17 does not demonstrate that this order was in error.

18           Therefore, IT IS HEREBY ORDERED that plaintiff's May 2, 2013 motion for
19 second review (dkt. no. 52), construed as a motion for reconsideration of the April 26, 2013
20 order dismissing plaintiff's state law claims, is denied.

21    IT IS SO ORDERED.
22 Date: May 16, 2013

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT